Herman Ellis v. Commissioner.
Ellis v. Commissioner
Docket No. 80471.
United States Tax Court
T.C. Memo 1960-280; 1960 Tax Ct. Memo LEXIS 3; 19 T.C.M. (CCH) 1545; T.C.M. (RIA) 60280; December 30, 1960
Herman Ellis, pro se 7643 S. Wabash Ave., Chicago, Ill. Joseph T. de Nicola, Esq., for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: The respondent determined a deficiency in income tax of $499.59 for the calendar year 1957. The issues presented for decision are: (1) Whether the petitioner is entitled to a dependency exemption for his son; and (2) whether petitioner is entitled to the itemized deductions reported on his return. Findings of Fact The petitioner, Herman Ellis, is an individual residing in Chicago, Illinois. He filed an individual income tax return for the year 1957 with the director of internal revenue at Chicago, Illinois. On his return petitioner claimed a dependency exemption for his son, Melvin Ellis, who he stated resided with him during the entire year of *4 1957. The son lived in Chicago with his grandmother for most of 1957, but for approximately three months of that year lived with his mother in California. Petitioner, in 1957, bought some clothes for his son, gave some money to the grandmother for the son's room and board, and paid his plane fare for the trip to California to visit his mother. The record does not show the aggregate amount of support petitioner provided for his son during 1957 or the total support of the son paid from other sources. Petitioner claimed itemized deductions totaling $1,558.50. This amount included church and charitable contributions, interest on installment purchases, auto license fee, gasoline and sales taxes, union dues, safety shoes and clothing and $800 which he stated to be a casualty loss arising from a burglary of his house. The respondent disallowed the claimed deductions for lack of substantiation and allowed the standard deduction. Ultimate Findings Petitioner has not proved that he contributed more than one-half of the support of his son. Petitioner is entitled to not more than $250 for itemized deductions on his 1957 income tax return. Opinion In order to be entitled to a *5 dependency exemption under section 152, Internal Revenue Code of 1954, [1] the taxpayer must prove that he provided over half of the support of the individual claimed as a dependent for the taxable year. In order to establish that this requirement has been met, he has the burden of proving not only the amount of support he provided during the taxable year, but also that it represented more than one-half of the total support of the dependent from all sources. The petitioner was unable to show either the amount of support he provided or the total amount contributed from all sources and, accordingly we approve the respondent's determination on this issue. In regard to the itemized deductions, although the proof of the amounts was unsatisfactory, *6 we are convinced from the record, that the petitioner did incur some deductible expenses, but not in an amount as great as the standard deduction already allowed by the respondent. The respondent concedes that petitioner is entitled to a dependency exemption for his daughter which will be reflected in the computation under Rule 50. Decision will be entered under Rule 50. Footnotes
1. SEC. 152. DEPENDENT DEFINED. (a) General Definition. - For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) as received from the taxpayer): (1) A son or daughter of the taxpayer, or a descendant of either, * * *↩